# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JERMARAE RASHAWN HERBERT, ) </br> ) </br> Petitioner, ) </br> ) </br> v. ) </br> ) </br> SUPERIOR COURT OF GUILFORD ) </br> COUNTY, ) </br> ) </br> Respondent. ) | **MEMORANDUM OPINION** </br> **AND RECOMMENDATION** </br> </br> 1:09CV837 |

This matter is before the court on Respondent's motion to dismiss the case because Petitioner has failed to exhaust his state court remedies (docket no. 5). Petitioner has not filed a response to this motion despite being advised of the need to do so and the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge and the motion must therefore be dealt with by way of recommendation. For the following reasons, it will be recommended that the court grant Respondent's motion to dismiss.

## Discussion

Petitioner is a prisoner of the State of North Carolina who is currently being held in the Guilford County Jail awaiting trial for murder in case 08 CRS 24750. He has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. In that petition, he claims that he was a prisoner in the custody of the State of Georgia when he was brought to Guilford County under a detainer filed pursuant to the Interstate Agreement on Detainers Act, 18 U.S.C. App. 2 § 1 *et seq.* (IAD). He contends in his

petition that the proper procedures under the IAD were not followed and that his right to a speedy trial under the Sixth Amendment of the United States Constitution has been violated. He also states that he is represented by counsel in the state courts, but that he has not raised his claims in those courts.

Petitioner's claim is brought under 28 U.S.C. § 2241. Before this court can consider claims brought under that statute, a petitioner must exhaust his state court remedies as to the claims raised. *See, e.g., Dragenice v. Ridge*, 389 F.3d 92, 98 (4th Cir. 2004) (noting that exhaustion requirement applies to petitions under § 2241). Also, IAD claims must be exhausted before being brought in federal court. *See Kearns v. Turner*, 837 F.2d 336 (8th Cir. 1988). This court cannot grant relief on unexhausted claims absent waiver of the exhaustion requirement by Respondent. Obviously, based on the filing of its motion to dismiss, Respondent does not waive the exhaustion requirement in this case. Given that Petitioner has not filed any response to the motion to dismiss and has stated in his petition that he did not pursue his claims in state court, it is clear that he has not exhausted his state court remedies. Respondent's motion to dismiss should be granted without prejudice to Petitioner returning to this court once he has fully exhausted his state court remedies.

For the foregoing reasons, **IT IS RECOMMENDED** that Respondent's motion to dismiss (docket no. 5) be **GRANTED** and the petition be dismissed without

prejudice to being refiled after Petitioner has exhausted his remedies in the state courts.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
May 28, 2010